[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on October 1, 1966 in Stamford, CT Page 1706 Connecticut. They have resided continuously in this state since that time. There are 2 children issue of the marriage, one of whom is a minor, Michael David O'Neill born July 31, 1974.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in 46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
This is a marriage of some 24 years. Both parties are 44 years of age and in apparently good health. The marriage had apparently been an unhappy one for several years, such that in August 1988 the defendant left the marital home leaving her husband, the plaintiff, with the care of their two sons, then aged 14 and 19 years. The defendant is presently living with a male friend and the plaintiff is presently living in the marital home with his female friend and her three children along with the minor child, Michael, issue of this marriage, who is presently 16 years of age.
The wife has a high school education and is presently employed as a bookkeeper earning $400 per week.
The husband has been involved in his own business since 1982. The husband is engaged in the business of selling and installing windows and doors. As a result of the present economic conditions, the husband finds himself deeply in debt and has been forced to lay off several employees. The husband reduced his weekly draw from $1,500 to $1,000 per week commencing in August 1990. The husband is also involved in litigation with his former business associate, Shawn Lundy, who has placed a $146,000 lien on the marital home, which is soley in the wife's name. This lien is also on the husband's commercial property located at 21 Cross Street, New Canaan, Connecticut. The husband claims he is earning approximately $52,000 per year at this time.
Unfortunately, the parties were unable to resolve their marital difficulties. Sufficient evidence was presented to indicate the marriage had irretrievably broken down.
The following orders may enter:
Custody
1. There shall be joint custody of the minor child Michael, with the principle place of residence to be with the CT Page 1707 plaintiff father. The minor child, aged 16, is presently employed in his father's business and earns approximately $200 per week. Both parties are encouraged to co-operate with the counseling required on behalf of their minor son. The defendant shall be entitled to reasonable and liberal rights of visitation. The defendant shall be entitled to have telephone access to the minor child.
2. No order of child support is entered.
3. The plaintiff shall provide medical coverage for the benefit of the minor child.
Property Settlement/Alimony
1. By way of property settlement and for the support and maintenance of the defendant wife, the plaintiff husband shall pay to the defendant, a lump sum of $65,000. The defendant shall forthwith sell the 25 foot Wellcraft boat and shall apply the net proceeds toward the lump sum awarded to the defendant.
2. The balance of the lump sum shall be paid to the defendant in equal installments over a period of five years, 1/5th per year until paid in full. Commencing with the payment due the 3rd year, the defendant shall be entitled to interest at the legal rate on the unpaid balances.
3. The plaintiff shall elect as to whether the payments shall be made weekly, monthly or semi-annually.
4. It is the court's intent that the lump sum payment shall not be a dischargeable debt in bankruptcy.
5. Said lump sum payment shall be made by the plaintiff, notwithstanding the defendant's remarriage or cohabitation.
6. In addition to the above, the plaintiff, during his lifetime, shall pay to the defendant as periodic alimony the sum of $1 per year until the death or remarriage of the defendant or for a period of 10 years from the date hereof, whichever event shall first occur.
Medical Coverage
The plaintiff shall provide and maintain medical coverage under the COBRA provisions for the benefit of the defendant for a period of two years.
Real Estate — Marital Home CT Page 1708
1. Title to the marital home located at 102 Northwood Lane, Stamford, Connecticut shall remain in the name of the defendant wife until such time as the lump sum plus any interest due, has been paid in full. Upon payment in full the defendant shall forthwith quit claim her interest in said marital home to the plaintiff.
2. The plaintiff shall be solely responsible for the mortgage, taxes, insurance and all repairs and maintenance in connection with the marital home.
3. The plaintiff shall save the defendant harmless from any and all liability on the first mortgage, taxes and insurance on said marital home as well as the lien of Shawn Lundy.
4. The defendant shall not voluntarily encumber said real estate.
Commercial Property
The defendant shall quit claim to the plaintiff her interest in the business property located at 21 Cross Street, New Canaan, Connecticut. The plaintiff shall hold the defendant harmless from any indebtedness on said property.
Debts
1. The plaintiff shall hold the defendant harmless from any and all liability arising out of any corporate or business obligations including the mortgage on the New Canaan property and the note to Shawn Lundy.
2. The plaintiff shall hold the defendant harmless from any and all liability arising out of the claims of Shawn Lundy as more particularly set forth in Lundy vs. Daniel J. O'Neill, et als, Ret. February 27, 1990 and currently pending in the Superior Court at Stamford.
3. The defendant shall be responsible for the debts as listed on her financial affidavit of January 31, 1991.
Other Assets
The plaintiff shall be entitled to his ownership and interest in his business, architectual specialties and the three satellite companies, free from any claims of the defendant.
Counsel Fees
The defendant is awarded counsel fees in the amount of CT Page 1709 $1,500.
COPPETO, J.